## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 14, 2020

LETTER TO PARTIES

RE:    *Sherri M. Pendleton v. Andrew M. Saul*;
       Civil No. SAG-20-715

Dear Plaintiff and Counsel:

On March 17, 2020, Plaintiff Sherri M. Pendleton ("Plaintiff") filed a complaint, *pro se*, challenging her termination from her employment with the Social Security Administration ("SSA") on June 11, 2018. ECF 1. Defendant Andrew M. Saul, the Commissioner of SSA ("the Commissioner"), filed a Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim ("the Motion"). ECF 12. The Clerk of Court issued Plaintiff a Rule 12/56 letter, warning Plaintiff of the potential consequences of a failure to respond to the Commissioner's dispositive motion. ECF 13. Nevertheless, Plaintiff did not file a response. I have carefully reviewed the Commissioner's Motion, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, the Motion must be granted.

As background, on December 28, 2017, Plaintiff's supervisor issued a proposal to remove her from employment. ECF 1-4 at 3. In April, 2018, Plaintiff filed a charge with the EEOC, alleging discriminatory actions by her supervisor. ECF 1-3 at 3-5. On June 11, 2018, SSA issued a removal notice terminating Plaintiff. ECF 1-3 at 6-7. Days later, Plaintiff appealed her removal to the Merit Systems Protection Board ("MSPB"). ECF 12-8 at 1. She also sought to add claims pertaining to her termination to her then-pending EEOC complaint, but those claims were dismissed because they were on appeal to the MSPB. *See* ECF 1-4 at 2 n. 2 (noting that certain of Plaintiff's claims had been dismissed pursuant to 29 C.F.R. § 1614.107(a)(4), which requires dismissal of complaints raised "in an appeal to the Merit Systems Protection Board").

On February 7, 2019, the MSPB issued its decision affirming the SSA's removal action. ECF 12-9. The "Notice to Appellant" accompanying the decision provided detailed information about Plaintiff's options for seeking review, including the relevant deadlines. *Id.* at 10-17. In particular, the notice advised that to seek review of a case involving a claim of discrimination, a civil action must be filed with an appropriate U.S. district court "**within 30 calendar days** after this decision becomes final."[1] *Id.* at 15. Nearly a year later, on February 4, 2020, the EEOC issued its own ruling, finding that Plaintiff had not been subjected to unlawful discrimination, or sexual

---

[1] If Plaintiff's case had not involved a claim of discrimination, she would have had 60 calendar days from the date the decision became final to file a petition for review with the U.S. Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(b)(1)(A).

*Sherri M. Pendleton v. Andrew M. Saul*
Civil No. SAG-20-0715
September 14, 2020
Page 2

and non-sexual harassment which created a hostile work environment, based on her race, sex, religion, or reprisal. ECF 1-4. This action followed.

> The Statement of Claim in Plaintiff's Complaint in this case states, in its entirety:
>
> On April 11, 2018 I filled [sic] an EEOC complaint against my former employer, Social Security Administration. After I filed this actions [sic], I was fired from position in June 11, 2018. The Social Security Administration retaliated against me for filing and [sic] EEOC action. At this time, I am seeking reprisal and $250,000 in relief for emotional distress and trauma. I am also seeking employment reinstatement and employment relocation. The Social Security Administration violated my Title XII [sic] rights by removing me from my position on June 11, 2018.

ECF 1 at 5. The Complaint makes no reference to any harassment, discrimination, or hostility Plaintiff experienced in her work environment during her tenure at the SSA. Later in the Complaint, when asked for the date or dates of the alleged discriminatory acts, Plaintiff wrote "June 11, 2018," thus reiterating that her complaint challenges only her termination on that date. *Id.* at 6. She further explains, "The agency is still retaliating against me because as I have not been reinstated in my position. As a direct result of losing my employment with SSA, I loss [sic] my house, car, dignity and I now live in a homeless shelter." *Id.* at 8.

The Commissioner has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), which permits a party to challenge this Court's jurisdiction to hear a suit. When such a challenge is mounted, the court "is free to consider exhibits outside the pleadings 'to resolve factual disputes concerning jurisdiction.'" *Smith v. Wash. Metro. Area Transit Auth.*, 290 F.3d 201, 205 (4th Cir. 2002) (quoting *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)); *see also Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004) (noting that the Court considering a motion to dismiss for lack of subject matter jurisdiction "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding into one for summary judgment"). Pertinent to this case, the Commissioner submitted, and this Court has considered, the February 7, 2019 MSPB decision ruling on Plaintiff's claim, along with other exhibits. *See* ECF 12-9.

A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citing *Thomas v. Gaskill*, 315 U.S. 442, 446 (1942)); *Goldsmith v. Mayor of Balt.*, 845 F.2d 61, 63-64 (4th Cir. 1988)). However, a *pro se* plaintiff's complaint should not be dismissed "unless 'it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."'" *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1987) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). As always, *pro se* filings "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

*Sherri M. Pendleton v. Andrew M. Saul*
Civil No. SAG-20-0715
September 14, 2020
Page 3

Plaintiff's complaint to the MSPB case was filed under the Civil Service Reform Act of 1978 ("CSRA") which provides a mechanism for review of serious adverse personnel actions against federal government employees. *See* 5 U.S.C. §§ 7503(a), 7513(a). A personnel action that is serious enough to appeal to the MSPB, and is also alleged to have been based on discrimination, is described as a "mixed case," which can be reviewed in federal district court . . . . *Perry v. Merit Sys. Protection Bd.*, 137 S. Ct. 1975, 1980 (2017); *see also* 29 C.F.R. § 1614.302. A federal district court action seeking review of an adverse MSPB decision "must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action." 5 U.S.C. § 7703(b)(2). The deadlines for seeking review of an MSPB determination are not altered by Plaintiff's filing of a complaint with the EEOC, in which her termination-related claims were dismissed in lieu of her pending MSPB action. *See Corbett v. Potter*, Civil No. PJM-08-2437, 2009 WL 2902736, at *2 (D. Md. Sept. 9, 2009) (noting that the plaintiff, within thirty days after the issuance of MSPB's final order, "could either have appealed the discrimination claim to the EEOC, 5 C.F.R. § 1201.157, or, alternatively she could have appealed the entire claim, or any part of it, to the appropriate United States district court.") Like the Plaintiff in *Corbett*, Plaintiff took no apparent action to challenge the MSPB decision, in any venue, within thirty days of the February 7, 2019 order becoming final on March 14, 2019. Instead, she awaited the disposition of her EEOC claims for harassment and discrimination, without seeking to reinstate her termination-based claims within the EEOC proceeding.[2] Because Plaintiff did not timely file her appeal of the MSPB's decision, and in fact filed nearly one year too late, this Court lacks jurisdiction over Plaintiff's claim challenging the basis of her termination.

---

[2] Had Plaintiff included disparate treatment or hostile work environment claims, like those asserted in her EEOC complaint, in this federal court action, those claims would not have been precluded by her failure to file her Complaint within 30 days of the MSPB's final order. However, as described above, even construed liberally, Plaintiff's Complaint is expressly confined to a challenge to her termination, and makes no mention of claims relating to any discrimination she allegedly experienced while employed. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1378 (4th Cir. 1985) ("Principles requiring generous construction of *pro se* complaints are not, however, without limits. . . . It does not require those courts to conjure up questions never squarely presented to them . . . [or] to construct full blown claims from sentence fragments . . . ."). The attached EEOC complaint Plaintiff filed, ECF 1-3, contains no facts to suggest particular actions of discrimination or harassment against Plaintiff, although it does mention that Plaintiff "filed a complaint with the SSA Harassment Prevention Officer, regarding the issue." *Id.* The EEOC's opinion, ECF 1-4, contains more information about the allegations Plaintiff made within its proceeding, which it deemed to be unfounded. Plaintiff's Complaint suggests no intent to relitigate those particular allegations in the instant case, and her failure to oppose the instant motion gives this Court no additional insight into the claims she could have intended to, but failed to, assert.

*Sherri M. Pendleton v. Andrew M. Saul*
Civil No. SAG-20-0715
September 14, 2020
Page 4


   For the reasons set forth herein, the Commissioner's Motion to Dismiss, ECF 12, is GRANTED and Plaintiff's retaliation claim is dismissed with prejudice.  Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.


       Sincerely yours,


        /s/


       Stephanie A. Gallagher
       United States District Judge